IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA K. SEXTON, Women incarcerated before or after 9/15/13, | ) ) ) | 4:13CV3171 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| LARRY WAYNE, et al., | ) ) | |
| Defendants. | ) | |

    Plaintiff filed her Complaint in this matter on September 25, 2013. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I.    SUMMARY OF COMPLAINT

    Plaintiff filed her Complaint on behalf of herself and women incarcerated "before or after 9/15/13." (Filing No. 1 at CM/ECF p. 1.) Plaintiff named the following Defendants in her Complaint: the Department of Corrections, Robert Houston, Larry Wayne, Mark Wiese, Frank Hopkins, Dr. White, Mark Wellage, Denise Skrobecki, Tim Siemek, Sam Shaw, and Robin Spindler. (*Id.* at CM/ECF p. 1.) However, on October 22, 2013, Plaintiff asked for leave to amend her Complaint to name only the following individuals as Defendants: Michael Kenney, Larry Wayne, Frank Hopkins, Randy Kohl, Carmine White, Mark Wellage, Sam Shaw, Mark Wiese, Denise Skrobecki, Tim Siemek, and Robin Spindler. (Filing No. 9 at CM/ECF p. 1.) Upon careful review of Plaintiff's Motion to Amend, the court will grant Plaintiff's Motion and direct the clerk's office to update the court's records to reflect that Defendants are those individuals listed in Plaintiff's Motion to Amend

Complaint. (*See id.* at CM/ECF p. 1.) Because Plaintiff did not specify whether these Defendants are being sued in their official or individual capacities, the court presumes they are being sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (reiterating that when a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity").

Liberally construed, Plaintiff generally alleges in her Complaint that women incarcerated "before or after 9/15/13" at the Nebraska Center for Women in York, Nebraska, are denied relevant vocational training and programming equal to that received by male prisoners in other state correctional facilities. (Filing No. 1 at CM/ECF pp. 5-6.) Plaintiff also alleges, in very general terms, that women are only allowed access to the law library for one hour per day, that they are only allowed to access the gym when the recreation coordinator is available, that they are overcrowded, and that medical staff do not diagnose them "in a timely matter." (*Id.* at CM/ECF pp. 6-7.) As relief, Plaintiff asks this court to order that "women get the same privileges as the men" in other correctional facilities operated by the State of Nebraska. (*Id.* at CM/ECF p. 9.)

The court notes that Plaintiff's Complaint is silent as to the involvement of any of the Defendants in the alleged constitutional violations. In addition, the court notes that Plaintiff attached 45 pages of documents, including newspaper articles and grievance forms, to her Complaint, but did not incorporate by reference any document attached to the Complaint. (*See id.* at CM/ECF pp. 11-56.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

Plaintiff's Complaint is deficient in three respects. First, Plaintiff purports to bring this action on behalf of herself and women incarcerated "before or after

9/15/13."¹ (Filing No. 1 at CM/ECF p. 1.) However, pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Moreover, in order for a plaintiff to proceed with her claims, she must have standing. As a general rule, to establish standing a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975). Here, Plaintiff alleges that women at the Nebraska Center for Women are being subjected to unconstitutional conditions. However, she does not allege that she, rather than other prisoners, is being subjected to unconstitutional conditions. For example, Plaintiff does not allege in the body of her Complaint that she sought, but was denied, access to the law library, medical care, or exercise or that she sought, but was denied, vocational training. Plaintiff must assert her own legal rights and interests, and not the legal rights and interests of third parties.

Second, while Plaintiff names 11 individuals as Defendants in this matter, she makes no allegations against any of them in the body of her Complaint or allege that any of them are personally involved in the alleged constitutional violations. (*See* Filing No. 1 at CM/ECF pp. 1-10.) Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se

---

¹On the second page of Plaintiff's Complaint, Plaintiff also lists additional plaintiffs as "women incarcerated *on or after* 9/15/13" (emphasis added). (Filing No. 1 at CM/ECF p. 2.)

complaint was silent as to the defendants except for their names appearing in the caption). Here, Plaintiff has failed to state a claim upon which relief may be granted against any named Defendant.

Third, Plaintiff seeks only injunctive relief[2] against Defendants acting in their official capacities, but fails to state an injunctive-relief claim against any Defendant because she did not attribute any alleged ongoing misconduct to any specific defendant. *See Nix v. Norman, 879 F.2d 429, 433 (8th Cir. 1989)* ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner.")

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that asserts her legal rights or interests and not the legal rights or interests of third parties, and that sets forth a short and plain statement of the claims against each defendant. Plaintiff should be mindful to explain what each defendant did or is doing to deprive her of her constitutional rights, and what specific legal rights Plaintiff believes that defendant has violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. This

---

[2] As set forth above, as relief, Plaintiff asks that women incarcerated at the Nebraska Center for Women in York, Nebraska, receive the "same privileges" as men incarcerated at other state correctional facilities. (Filing No. 1 at CM/ECF p. 9.)

5

matter will be dismissed without prejudice and without further notice if Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order.

    2.    The clerk's office is directed to set a pro se case management deadline in this matter: January 13, 2014.

    3.    Plaintiff's Motion to Amend Complaint (Filing No. 9) is granted. The clerk's office is directed to update the court's records to reflect that Defendants are those individuals listed in Plaintiff's Motion to Amend Complaint.

    4.    Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 16th day of December, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.