IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA K. SEXTON, | ) | 4:13CV3171 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LARRY WAYNE, Programming, | ) | |
| MARK WIESE, Education, FRANK | ) | |
| HOPKINS, Deputy Director, DR. | ) | |
| CARMINE WHITE, Substance | ) | |
| Abuse, DENISE SKROBECKI, | ) | |
| Warden, TIM SIEMEK, Asst. | ) | |
| Warden, SAM SHAW, Library, | ) | |
| ROBIN SPINDLER, Deputy | ) | |
| Director, MICHAEL KENNEY, | ) | |
| Director, and DR. RANDY KOHL, | ) | |
| Medical, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion.  On December 16, 2013, the court conducted an initial review of Plaintiff's Complaint.  (Filing No. 10.)  The court determined the Complaint failed to state a claim upon which relief may be granted.  The court wrote, in relevant part:

> While Plaintiff names 11 individuals as Defendants in this matter, she makes no allegations against any of them in the body of her Complaint or allege that any of them are personally involved in the alleged constitutional violations.  (*See* Filing No. 1 at CM/ECF pp. 1-10.)  Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93

(2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants  except for their names appearing in the caption).  Here, Plaintiff has failed to state a claim upon which relief may be granted against any named Defendant.

[In addition], Plaintiff seeks only injunctive relief against Defendants acting in their official capacities, but fails to state an injunctive-relief claim against any Defendant because she did not attribute any alleged ongoing misconduct to any specific defendant. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner.")

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that . . . sets forth a short and plain statement of the claims against each defendant. Plaintiff should be mindful to explain what each defendant did or is doing to deprive her of her constitutional rights, and what specific legal rights Plaintiff believes that defendant has violated.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

(Filing No. 10 at CM/ECF pp. 4-5.)

Plaintiff filed an Amended Complaint on January 13, 2014.  (Filing No. 11.) Except for their names appearing in the caption of the Amended Complaint, the Amended Complaint is silent as to Defendants.  Once again, Plaintiff has failed to state any claim against any named defendant.

4:13-cv-03171-JMG-PRSE   Doc # 13   Filed: 05/02/14   Page 3 of 5 - Page ID # 113

Even if the court were to liberally construe the Amended Complaint as alleging that Defendants possess final authority of the subject matter at issue, and are therefore properly named, Plaintiff's claims would fail for other reasons. Plaintiff, who is incarcerated at the Nebraska Center for Women ("NCW"), alleges that Defendants have violated her rights under the equal protection clause by failing to provide equal programs and services for male and female Nebraska prisoners. She alleges that males in prison in Nebraska have greater access to the library and gym, and are offered programming and educational opportunities that are not available to women.

In this case, Plaintiff has not alleged sufficient facts to support a claim that she is being treated different from similarly-situated persons; rather, she generally claims Defendants are treating her different from male inmates housed in Nebraska's male prisons. *Id.* at 733. The Fourteenth Amendment equal protection clause requires the government "to treat similarly situated people alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Yet, "[d]issimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger v. Dep't of Corr. Servs.*, 31 F.3d 727, 731 (8th Cir. 1994). The Eighth Circuit Court of Appeals held in *Klinger* that inmates at NCW and male inmates housed at the Nebraska State Prison ("NSP"), one of Nebraska's male prisons, are not similarly situated for purposes of prison programs and services. *Id.* at 732-33 ("[C]omparing programs at NSP to those at NCW is like the proverbial comparison of apples to oranges."). The court reasoned that program priorities differ from prison to prison, depending on innumerable variables that officials must take into account such as the characteristics of the inmates at that prison and the size of the institution. *Id.* at 731-32.

This is not to say that the court necessarily finds the Eighth Circuit's decision in *Klinger* particularly persuasive. The court is, rather, persuaded by the sound reasoning of the *Klinger* dissent, and the district court's decision in that case, that male and female inmates in the Nebraska correctional system are sufficiently "similarly situated" to at least require the State to justify treating them differently by

3

articulating the governmental objective of the State's policies and the relationship between that objective and the means chosen to accomplish it.  *See*, *id.* at 734-39 (McMillian, J., dissenting); *Klinger v. Dep't of Corr. Servs., 824 F. Supp. 1374, 1388-90 (D. Neb. 1993)*, *rev'd*, 31 F.3d 727 (8th Cir. 1994); *see also*, *Keevan v. Smith, 100 F.3d 644, 652-53 (8th Cir. 1996)* (Heaney, J., concurring in part and in part dissenting); *Women Prisoners of the Dist. of Columbia Dep't of Corrs. v. Dist. of Columbia, 93 F.3d 910, 951-57 (D.C. Cir. 1996)* (Rogers, J., concurring in part and in part dissenting).  Like Judge Rogers, I find it "circular" to say that the State can segregate men and women into facilities with different characteristics "and then rely on the very dissimilarity it has created to justify discrimination in the provision of benefits."  *Women Prisoners*, 93 F.3d at 951-52 (Rogers, J., concurring and dissenting).  It may well be that men and women are not similarly situated for purposes of certain prison programs and activities–but that would require the State to articulate the purpose for which it is acting.  *See*, *id.* at 954 (Rogers, J., concurring and dissenting); *Klinger*, 31 F.3d at 734-35 (McMillian, J., dissenting).  And it may also be that governmental interests are appropriately served by the State's disparate treatment–but any application of constitutional scrutiny is precluded by *Klinger*'s broad, prophylactic holding.

That having been said, *Klinger* is clearly the law in the Eighth Circuit, and this court is bound by it. *See Winslow v. Fed. Energy Regulatory Comm'n, 587 F.3d 1133, 1135 (D.C. Cir. 2009)* (citing U.S. Const. art. III, § 1).  Here, pursuant to that authority, Plaintiff has not sufficiently alleged that she has been treated in a manner that is different from other *similarly situated* inmates.  Thus, she has failed to state an equal protection claim against Defendants.  For these reasons, and for the reasons set forth in the court's Memorandum and Order dated December 16, 2013, this matter will be dismissed.

IT IS THEREFORE ORDERED that:

1.      For the reasons set forth in this Memorandum and Order and in the court's Memorandum and Order dated December 16, 2013, this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      The clerk's office is directed to place the "28USC1915(g)_STR" flag on this matter.

3.      Plaintiff's Motion for Status (Filing No. 12) is denied as moot.

4.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of May, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.